UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JEWEL RANKIN, individually and on behalf of all  :
others similarly situated,                                       :
                                                                           :
                                              Plaintiff,      :        MEMORANDUM & ORDER
                                                                           :
                        -against-                               :        20-CV-1756 (ENV) (TAM)
                                                                           :
ARCA CONTINENTAL S.A.B. DE C.V., d/b/a   :
ARCA CONTINENTAL, and OLD LYME          :
GOURMET COMPANY, d/b/a DEEP RIVER     :
SNACKS,                                                            :
                                                                           :
                                             Defendants.    :
------------------------------------------------------------- x
VITALIANO, D.J.

     In April 2020, plaintiff Jewel Rankin commenced this putative class action suit against

Arca Continental S.A.B. de C.V., d/b/a Arca Continental ("Arca"), and Old Lyme Gourmet

Company ("Old Lyme"), d/b/a Deep River Snacks, a wholly owned subsidiary of Arca.  Compl.,

Dkt 1.  Plaintiff alleges that defendants' "Non GMO Ingredients" label on certain products

deceptively suggests to consumers that an independent, third-party organization verified the

absence of genetically modified organism ("GMO")[1] ingredients in the products.  *Id.* ¶¶ 4–12.

Plaintiff brings her claims under New York General Business Law ("GBL") §§ 349 and 350,

assorted consumer protection statutes (including those of other states), and theories of express

warranty and unjust enrichment.  *Id.* ¶¶ 58–101.  Currently pending before the Court is

---

[1] Perhaps explaining the motivation for, or at least the genesis of, this lawsuit, plaintiff alleges that consumers "have become significantly more aware of, and sensitive to, genetically modified organisms ("GMOs") in their food" for a variety of reasons, including their potential negative impact on the environment.  Compl. ¶¶ 6–7.

Magistrate Judge Merkl's Report & Recommendations ("R&R") granting in part and denying in part Old Lyme's motion to dismiss.  R&R, Dkt. 39.  For the reasons set forth below, the Court adopts Judge Merkl's R&R in full.

## Background

The Court presumes the parties' familiarity with the underlying facts[2] and procedural history, which are only recounted here insofar as they are helpful to understand the R&R and the Court's adoption of it.

Defendants sell food products nationwide.  Compl. ¶ 44.  Several of defendants' products contain a "Non GMO Ingredients" label on its packaging.  *Id.* ¶¶ 4–5, 23, 25.  The label includes green and white text reading "Non GMO Ingredients," topped by two stylized green shapes resembling grass or leaves.  *Id.* ¶¶ 4–5.  Plaintiff alleges that the "Non GMO Ingredients" label is deceptively similar to a widely recognized seal used by the Non-GMO Project, a nonprofit that provides third party verification certifying that products are GMO-free.  *Id.* ¶ 16.  Plaintiff claims the label misled her and putative class members into thinking that defendants' products were verified as GMO-free by an independent third-party like the Non-GMO Project.  *Id.* ¶¶ 4, 14, 16–20.  Plaintiff does not allege that defendant's "Non GMO Ingredients" labeled products contain GMO ingredients, but she does allege that that the products use dairy products from cows fed GMO grains, which would not meet the Non-GMO Project's rating requirements.  *Id.* ¶¶ 18–19.

## Standard of Review

In reviewing the R&R of a magistrate judge, a district judge "may accept, reject or

---

[2] The facts are taken from the Complaint.  On a motion to dismiss, plaintiff's allegations are taken as true.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2010).

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, a district judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

As to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10-CV-5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195, 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

Furthermore, objections that are general or conclusory, or that "merely recite the same arguments presented to the magistrate judge," do not constitute proper written objections and are also reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-0113, 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (quoting *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, at *1 (S.D.N.Y. Mar. 16, 2011)).

<u>Discussion</u>

Defendant Old Lyme makes two objections to Judge Merkl's R&R. First, defendant argues that, as a matter of law, no reasonable consumer could be misled into thinking that its "Non GMO Ingredients" label is in fact the seal of an independent third-party verifier, because

the label contains no indicia of third-party verification.  Objections, Dkt. 4, at 8–13.  Second, Old Lyme contends, again as a matter of law, that no reasonable consumer could understand its "Non GMO Ingredients" label to signify the guaranteed absence of dairy products from GMO-fed cows.  *Id.* at 13–15.

To start, the question of whether or not reasonable consumers might be misled by the "Non GMO Ingredients" label cannot, in this case, be decided at the threshold as a matter of law. "Whether a representation is likely to deceive a reasonable consumer is usually a question of fact that should not be resolved on a motion to dismiss," so "a party seeking to dismiss a false labeling claim must 'extinguish . . . the possibility' that a reasonable consumer could be misled." *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 278 (E.D.N.Y. 2021).

The facts plausibly pleaded in the complaint do not readily show such extinguishment. Straining to do so, defendant touts how its label compares to the highly generic label at issue in *Gordon v. Target Corp.*, No. 20-CV-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022), which consisted of plain white text on a green backdrop.  The *Gordon* court found it "patently implausible" that a plain, essentially text-only label could reasonably be mistaken for the Non-GMO Project's artfully designed seal of verification.[3]  *Id.* at *12.  However, unlike in *Gordon*,

---

[3] Old Lyme also attempts to distinguish the ingredient labels presented in cases like *Latiff v. Nestle USA, Inc.*, No. 18-CV-0650, 2019 WL 4544544 (C.D. Cal. Sept. 19, 2019) and *Koh v. S.C. Johnson & Son, Inc.*, No. C-09-00927, 2010 WL 94265 (N.D. Cal. Jan. 6, 2010). Objections at 8–13.  Both cases apply California Unfair Competition Law and False Advertising Law.  *See Latiff*, 2019 WL 4544544, at *1; *Koh*, 2010 WL 94265, at *1.  The *Latiff* label read "No GMO Ingredients ™," with the text placed under a V-shaped blade of grass in front of a sun, a close analogue of the "blade of grass" design in the Non-GMO Project's logo.  *See* R&R at 14.  *Koh* similarly held that a label reading "Greenlist™ Ingredients" and "Same Great Product" under a "stylized drawing of two leaves and a stem" could deceptively suggest third party verification. *Koh*, 2010 WL 94265, at *2, *14.

defendant's label is stylized enough that it is not "patently implausible" that it might mislead or deceive consumers. Because the possibility of consumer deception cannot be "extinguish[ed]" here, it would be inappropriate to dismiss plaintiff's claims at this stage. *Grossman*, 516 F. Supp. 3d at 278. The first objection is therefore overruled.

As to the second objection, and as Judge Merkl found, the complaint sufficiently alleges that a reasonable consumer could be misled into thinking that Old Lyme's "Non GMO Ingredients" label indicated the absence of dairy products from cows fed on GMO grains, due to the label's potential association with the Non-GMO Project label. As Judge Merkl noted, an allegedly misleading statement should be viewed "in light of its context on the product label or advertisement as a whole," and courts must survey "'[t]he entire mosaic . . . rather than each tile separately.'" *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) (quoting *Time Warner Cable Inc. v. DIRECTV, Inc.*, No. 6-CV-14245, 2007 WL 1138879, at *4 (S.D.N.Y. Apr. 16, 2007)). On *de novo* review, the contested vantage point applied by Judge Merkel was the correct one, and viewed from that vantage point, there was a plausibly pleaded potential for confusion for consumers stemming from the label. As a result, there is a potential for confusion and that distinguishes this case from the precedent Old Lyme raises.[4] The second objection must also be overruled.

---

[4] Defendant points to prior cases finding that no reasonable consumer would think the designation "non-GMO" on packaging indicated that the product contained no ingredients from animals fed GMO feed. Objections at 9–11. However, these cases address situations where a product is textually described as "non-GMO." *See, e.g.*, *Pappas v. Chipotle Mexican Grill*, 2016 U.S. Dist. LEXIS 202524, *19; *Stewart v. Kodiak Cakes, LLC*, 568 F. Supp. 3d 106 (S.D. Cal. 2021). These cases do not address complicating allegations that a stylized "non-GMO" label might, by association with a third party verifier, imply that a product meets additional criteria.

<u>Conclusion</u>

For the foregoing reasons, the Court overrules both of defendant's objections.  Finding Magistrate Judge Merkl's R&R to be correct, well-reasoned and free of any clear error, the Court adopts it in its entirety as the opinion of the Court.  Old Lyme's motion to dismiss Rankin's General Business Law and corresponding non-New York law deceptive business practice and advertising claims is denied.  However, Old Lyme's motion to dismiss is granted with prejudice as to plaintiff's claims for breach of express warranty, unjust enrichment and any claims for injunctive relief.  Finally, the Court defers the issue of personal jurisdiction over the putative class members until the class certification stage.

The parties are directed to contact Magistrate Judge Taryn Merkl to arrange for the continued pre-trial management of this case.

So Ordered.

Dated: Brooklyn, New York

July 31, 2023

/s/ ENV

ERIC N. VITALIANO

United States District Judge