**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEWEL RANKINS, individually and on behalf of all others similarly situated, | Case No.: 1:20-cv-1756-ENV-TAM |
| Plaintiff, | |
| -against- | |
| ARCA CONTINENTAL S.A.B. DE C.V., (d/b/a ARCA CONTINENTAL) and OLD LYME GOURMET COMPANY (d/b/a DEEP RIVER SNACKS), | |
| Defendants. | |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM NOTICE, SCHEDULING OF FINAL APPROVAL HEARING, AND GRANTING LEAVE TO FILE AMENDED COMPLAINT**

Upon consideration of Plaintiffs Jewel Rankins ("Rankins") and Darren Wong ("Wong") (collectively "Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Settlement Agreement ("Settlement Agreement"), upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning ascribed to them in the Settlement Agreement. The Court makes the following findings:

## FINDINGS OF FACT

1.      Plaintiffs bring this Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan before the Court, with the consent of Defendant Old Lyme Gourmet Company (d/b/a/ Deep River Snacks).[1]

2.      Plaintiff Rankins filed a Complaint against Defendant on April 9, 2020 (the "Action") in the United States District Court for the Eastern District of New York alleging that Defendant's Deep River brand potato chips ("the Products")[2] labels contained a "Non GMO Ingredient" graphic that mimicked the symbol of the Non-GMO Product which mislead consumers into believing the Products were certified by a third-party certifier when they were not. Defendant has denied these allegations.

---

[1] Following inception of this lawsuit, Old Lyme Gourmet Company (d/b/a Deep River Snacks) was merged with and into Wise Foods Inc. Additionally, Arca Continental S.A.B. de C.V., a Mexican corporation, was not served in this matter (*see, e.g.,* ECF Nos. 19, 41) and therefore, although it is named in the caption, it is not a defendant in this litigation.

[2] Specifically, the Products include the following varieties: (a) Pink Himalayan Sea Salt; (b) Pink Himalayan Salt & Vinegar; (c) Apple Cider Vinegar; (d) Rosemary & Garlic; (e) Fire Roasted Garlic & Onion; (f) Mango Habanero; (g) All Dressed Up; (h) Honey BBQ; (i) Sour Cream and Onion; and (j) Aged Cheddar Horseradish.

3.      The Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

4.      The Parties engaged in motion practice and discovery, where Defendant provided Plaintiffs with extensive information and documents.

5.      In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

6.      The Parties entered into a Settlement Agreement pursuant to which they agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

7.      The Court has reviewed the Settlement Agreement, including the exhibits attached thereto and all prior proceedings herein, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Stay of the Action.** All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2.      **Granting Leave to File the Amended Complaint.** The Court GRANTS Plaintiffs leave to file the proposed Amended Complaint for settlement purposes attached as Exhibit E to the Settlement Agreement. No answer is required for the duration of the stay of the Action.

3.      **Preliminary Class Certification for Settlement Purposes Only.** Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), in accordance with

the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class. If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated, the Amended Complaint shall be stricken from the record, the operative complaint in the Action shall be the complaint in effect as of June 30, 2024, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. Defendant retains all rights to assert that the Action may not be certified as a class action, other than for purposes of this Settlement.

4.    **Class Definition.** The Settlement Class is defined as all persons who, from February 2, 2017 to the date of this Order, purchased one or more of the Products in the United States for personal or household use. Excluded from the Settlement Class and Settlement Class Members are: (a) the Released Parties; (b) all distributors, wholesalers, retailers, and licensors of the Products; (c) judges presiding over the Actions and any members of their immediate families and/or staff; (d) Persons who made a valid, timely request for exclusion; (e) the mediator Jill Sperber; and (f) any government entity.

4

5.      **Class Representatives and Class Counsel.** The Court appoints Michael R. Reese and Charles D. Moore from Reese LLP, and Spencer Sheehan from Sheehan and Associates, P.C. as counsel for the Settlement Class. Jewel Rankins and Darren Wong are hereby appointed as Class Representatives.

6.      **Preliminary Settlement Approval.** The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Fairness Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Class.

7.      **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.      **Fairness Hearing.** A Fairness Hearing (also referred to as a "Final Approval Hearing") shall be held on     April   29 , 2025 at 10:00 a.m. at the United States District Court for the Eastern District Court of New York at 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom  13D , to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the Class Counsel's application for an award of

Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for a Service Award should be approved. The submissions of the Parties in support of the Settlement, including Plaintiffs' Counsel's application for Attorneys' Fees and Expenses and Service Awards, shall be filed with the Court no later than seventy (70) days prior to the Fairness Hearing and may be supplemented up to fifteen (15) days prior to the Fairness Hearing.

9. **Administration and Class Notice.**

a.    The Court accepts the recommendations of Class Counsel and Defendant, and hereby appoints Epiq Class Action & Claims Solutions, Inc. to serve as Settlement Administrator in accordance with the terms of the Settlement Agreement, and to help implement the terms of the Settlement Agreement.

b.    The proposed Class Notice, Summary Settlement Notice, the notice methodology described in the Settlement Agreement and in the Declaration of Cameron R. Azari, Esq. of Epiq Class Action & Claims Solutions, Inc. (the "Azari Declaration") are hereby approved.

c.    No later than thirty (30) calendar days after the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice Plan to commence as described in the Azari Declaration. Specifically, the Settlement Administrator shall establish a website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information. The website shall include materials agreed upon by the Parties and as further ordered by this Court.

d.    Not later than thirty (30) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

e.      The Settlement Administrator shall disseminate any remaining notice, as stated in the Settlement Agreement and the Azari Declaration.

f.      Not later than fifteen (15) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) attests to the proper implementation of the Notice Plan.

10.      **Findings Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Class as described in paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

11.      **Exclusion from Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Settlement under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period. Settlement Class Members wishing to opt out of the Settlement must submit a form through the settlement website or send to the Class Action Settlement Administrator

by U.S. Mail or other paper mail service a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class. Any request for exclusion must be postmarked on or before the Opt-Out Date specified in this Preliminary Approval Order. Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendant or other Released Parties (as defined in the Settlement Agreement) relating to the claims and transactions released in this Action.

12.    **Objections and Appearances.**  Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Opt-Out and Objection Deadline. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), and postmarked to the Claims Administrator no later than the Opt-Out and Objection Deadline.

Any Settlement Class Member who sends a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Service Awards. Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than fifteen (15) days before the Final Approval Hearing, or as the Court may otherwise direct.

Any Settlement Class Member who fails to comply with Section VI of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action, including, but not limited to, the Released Claims and the releases in Section VII of the Agreement.

Class Counsel shall have the right, and Defendant shall reserve its right, to respond to any objection no later than twenty-eight (28) days before the Final Approval Hearing.

13.    **Disclosures.**    The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

14.    **Termination of Settlement.**    This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

15.    **Nationwide Stay and Preliminary Injunction.**    Effective immediately, any consumer actions or proceedings pending in any state or federal court in the United States involving the use of the Non GMO Ingredients graphic in connection with the labeling or

marketing of the Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from demanding, threatening, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction in the United States (defined to including both states and territories of the United States) arising out of or relating to the use of the Non GMO Ingredients graphic in connection with the labeling or marketing of the Products or the facts and circumstances at issue in the Action.

Also, pending the final Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from demanding, threatening, filing, commencing, prosecuting, or maintaining any other lawsuit on behalf of members of the Settlement Class, if such other action is based on or relates to the use of the Non GMO Ingredients graphic in connection with the labeling or marketing of the Defendant's Products.

Under the All Writs Act, the Court finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action. The Court finds no bond is necessary for the issuance of this injunction.

16.    **<u>Effect of Settlement Agreement and Order.</u>** Plaintiffs' Counsel, on behalf of the Settlement Class, and Defendant entered into the Agreement solely for the purpose of

compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and shall not in any event be (a) construed, deemed, offered, or received as evidence of a presumption, concession, or admission on the part of Plaintiffs, Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession, or admission by any person of any fault, wrongdoing, breach, or liability, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

17.    **Retaining Jurisdiction.**  This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.  If the Settlement receives final approval, this Court shall retain jurisdiction over any action to enforce the release provisions in the Settlement Agreement.

18.    **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

a.    Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than April 1, 2025.

b.      Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Service Award by no later than February 18, 2025.

c.      Settlement Class Members must send to the Claims Administrator any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Service Award by no later than March 25, 2025.

d.      Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than March 25, 2025.

e.      Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than April 14, 2025.

f.      The Settlement Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order by April 14, 2025.

g.      Class Counsel and Defendant's Counsel shall have the right to respond to any objection no later than April 1, 2025.

h.      The Fairness Hearing will take place before the Magistrate Judge Taryn A. Merkl, on April 29, 2025 at 10:00 a.m. at the United States District Court for the Eastern District of New York at 225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom 13D.

**SO ORDERED this 6th day of December, 2024:**

/s/ Eric N. Vitaliano

Hon. Eric N. Vitaliano
United States District Judge