UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEWEL RANKINS and DARREN WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>OLD LYME GOURMET COMPANY (d/b/a DEEP RIVER SNACKS),<br><br>Defendant. | Case No. 1:20-cv-1756-ENV-TAM |

**FINAL APPROVAL ORDER AND JUDGMENT**

Upon consideration of the Plaintiffs' unopposed Motion for Final Approval of Class Settlement and Final Certification of Settlement Class (ECF No. 68) ("Final Approval Motion") and their unopposed Motion for Payment of Attorneys' Fees and Reimbursement of Litigation Expenses to Class Counsel and Payment of Service Awards to the Class Representatives (ECF No. 67) ("Fee Motion" together with "Final Approval Motion," "the Motions"), the hearing on the Motions before the Honorable Magistrate Judge Taryn A. Merkl on May 15, 2025 (the "Final Approval Hearing"), and the entire record herein, the Court grants final approval of the Settlement, upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning ascribed to them in the Settlement Agreement (ECF No. 55). The Court makes the following findings:

**FINDINGS OF FACT**

1. On December 6, 2024, this Court granted the motion of the Class Representatives for preliminary approval of the Settlement Agreement and certification of the Settlement Class (as defined below). *See* Preliminary Approval Order at ECF No. 64.

2. Commencing on January 3, 2025, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Epiq Class Action & Claims Solutions, Inc. (the "Settlement Administrator") began providing notice to Settlement Class Members in compliance with the Settlement Agreement and Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. *See* Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Notice Plan at ECF No. 68-3 ("Azari Declaration"). The notice:

   a. Fully informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

    b. Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

    c. Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

    d. Provided the time, date, and place of the Final Approval Hearing.

3. On May 15, 2025, the Honorable Magistrate Judge Taryn A. Merkl held the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether judgment should be entered dismissing this Action with prejudice. Magistrate Judge Merkl reviewed the Motions and all supporting materials and also considered the oral argument of all counsel. Based on this review, Magistrate Judge Merkl issued a Report and Recommendation on June 13, 2025 that the Motions be granted ("June 13, 2025 Report and Recommendation").

4. No party has objected to Judge Merkl's June 13, 2025 Report and Recommendation, and the time to do so has passed. Therefore, the court reviews the **June 13, 2025** Report and Recommendation for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS the **June 13, 2025** Report and Recommendation in full and based upon the June 13, 2025 Report and Recommendation and the findings below, the Court also finds good cause to grant the Motions.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. The **June 13, 2025** Report and Recommendation is hereby adopted by this Court.

2. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

3. As explained herein and in the June 13, 2025 Report and Recommendation, which is hereby incorporated by reference, the Settlement is fair, reasonable, adequate and in the best interest of Settlement Class Members under Federal Civil Procedure Rule 23(e) and under *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). *See Moses v. The New York Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023) ("the revised Rule 23(e)(2) does not displace our traditional *Grinnell* factors, which remain a useful framework for considering the substantive fairness of a settlement"). The Settlement was procedurally and substantively fair.

4. The Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was robust. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Actions, and with the active involvement of the Parties. The Settlement Agreement confers substantial benefits on the Settlement Class Members, is a benefit to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter. The Settlement Agreement also treats class members equitably relative to each other. As discussed further below, the Settlement Agreement has garnered an overwhelmingly positive reaction from members of the Class with hundreds of thousands of claims submitted and only seven opt-outs and no objections, and the fees and expenses sought by Class Counsel are reasonable.

5. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Benefits. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

6. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**REQUESTS FOR EXCLUSION**

7. There were seven people who timely requested to be excluded from the Settlement and the Settlement Class, whose names are included in Attachment 10 to the Azari Declaration at ECF No. 68-3 (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

8. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

All persons who, from February 2, 2017 to December 6, 2024, purchased one or more of the Products in the United States for personal or household use.

Excluded from the Settlement Class are: (a) the Released Parties; (b) all distributors, wholesalers, retailers, and licensors of the Products; (c) judges presiding over the Actions and any members of their immediate families and/or staff; (d) the mediator Jill Sperber; (e) any government entity; and (f) the seven people that timely and properly excluded themselves from the Settlement Class in accordance with the procedures approved by the Court as identified in Attachment 10 of the Azari Declaration filed on April 1, 2025 (ECF No. 68-3).

9. The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

10. The Court grants final approval to the appointment of Plaintiffs Jewel Rankins and Darren Wong as the Class Representatives and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Court grants final approval to the appointment of Michael R. Reese and Charles D. Moore from Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as Class Counsel for the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

12. The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Actions, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement

5

Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13. The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

**ATTORNEYS' FEES AND COSTS, SERVICE AWARDS**

14. Class Counsel has applied for an award of attorneys' fees in the amount of $1,333,333.33 in attorneys' fees (which constitutes 1/3 of the Settlement fund) and $22,847.61 in costs. The fees and costs are unopposed. The Court finds the fee amount to be fair and reasonable and meets all the factors of both Federal Civil Procedure Rule 23 and the Second Circuit decision in *Goldberger*. Accordingly, Class Counsel's request for attorney's fees in the amount of $1,333,333.33 is granted. The Court also finds that the amount of $22,847.61 in costs is also reasonable and hereby granted. Payment of the costs shall be made pursuant to Section 5.7 of the Settlement Agreement, which has payment being made five (5) business days after the Effective Date.

15. Plaintiffs have applied for awards of service payments as Class Representatives in the amount of $5,000 to each Class Representative ("Service Awards") for a total of $10,000. The Service Awards are unopposed. The Court finds this amount is justified by Plaintiffs' service to the Settlement Class and hereby grants the Service Awards as follows: $5,000 is awarded to Jewel Rankins and $5,000 to Darren Wong for a total of $10,000. Payment of the Service Awards shall be made pursuant to Section 5.8 of the Settlement Agreement.

**RELEASES**

16. The Court releases and forever discharges the Released Parties from each of the Released Claims, as provided in the Settlement Agreement. The Releasing Parties are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The full terms of the release described in this paragraph are set forth in paragraphs 2.40-2.42 and Section VII of the Settlement Agreement and are specifically approved and incorporated herein by this reference.

**OTHER PROVISIONS**

17. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of: (a) liability, fault, wrongdoing, or violation of any law, (b) the validity or certifiability for litigation purposes of the Settlement Class, (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action, or (d) the infirmity of any defenses to Plaintiffs' claims or allegations.

18. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements, and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement

Agreement or the Final Approval Order. This Final Approval Order and the Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted, or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

19. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

20. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over the above-captioned action and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

21. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 1 day of July, 2025:

Application Granted
SO ORDERED
Brooklyn, New York
Dated: 7/7/25

/s/ Eric N. Vitaliano
Eric N. Vitaliano
United States District Judge

_____
HONORABLE ERIC N. VITALIANO
United States District Court Judge

8